UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Ricardo Luna-Dominguez,<br><br>    Petitioner<br><br>v.<br><br>Brian Williams,<br><br>    Respondent | 2:15-cv-01203-JAD-CWH<br><br>**Order Dismissing Petition and Closing Case**<br><br>[ECF No. 6] |

    On July 20, 2015, I ordered § 2254 petitioner Ricardo Luna-Dominguez to show cause why his 2015 petition challenging his 2008 Nevada state-court conviction and sentence should not be dismissed as time-barred.[1]  Having reviewed Luna-Dominguez's response to my order, I find that Luna-Dominguez has not shown that he is entitled to equitable tolling, I dismiss his petition as time-barred, and I direct the Clerk to close this case.

**Discussion**

    Luna-Dominguez does not dispute that the § 2244(d) deadline to file his petition expired on November 24, 2009—more than five years before he filed this petition.  Luna-Dominguez responds that he told his trial attorney that he wanted to appeal his conviction and was under the impression that the attorney had filed an appeal on his behalf.  Luna-Dominguez continues that he did not hear from that attorney until May 2014, when Luna-Dominguez moved to have him relieved as counsel.  It was only then, according to Luna-Dominguez, that he discovered no appeal had been filed on his behalf.

    AEDPA's limitations period may be subject to equitable tolling if the petitioner shows that extraordinary circumstances prevented him from filing a timely federal habeas petition and that he diligently pursued his rights.[2]  Equitable tolling may be warranted when an attorney abandons a

---

[1] ECF No. 5.

[2] *Holland v. Florida*, 560 U.S. 631 (2010); *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir.2002).

petitioner while the petitioner is prosecuting a state-court challenge to his conviction.[3] But an attorney's abandonment will not warrant equitable tolling unless the petitioner reasonably relies on counsel to prosecute the challenge and diligently seeks information from counsel about the status of his case.[4]

For example, in *Gibbs v. Legrand* the attorney abandoned the petitioner and failed to notify him that his state-court petition had been denied.[5] Counsel also repeatedly ignored the petitioner's attempts to contact him to inquire about the status of his petition.[6] As a result, the petitioner did not learn that his state petition had been denied until he inquired directly to the state court.[7] But by that time, the deadline for filing a federal habeas petition had expired.[8] The Ninth Circuit reasoned that, though the petitioner could have contacted the state court to determine the status of his petition sooner, he had no reason to do so because he reasonably relied on his counsel's promise to keep him informed about the status of his case.[9] The Ninth Circuit found the petitioner's repeated (albeit unsuccessful) attempts to contact his counsel to obtain information about his petition significant[10] and concluded that the petitioner had shown that he was entitled to equitable tolling based on his attorney's abandonment.[11]

---

[3] *See Gibbs v. Legrand*, 767 F.3d 879, 887 (9th Cir.2014) (attorney's failure to inform petitioner of state court denial of habeas petition constituted abandonment and warranted equitable tolling where attorney guaranteed to keep petitioner informed of case status and where petitioner repeatedly inquired about case status).

[4] *Gibbs*, 767 F.3d at 887.

[5] *Id.* at 886–88.

[6] *Id.*

[7] *Id.*

[8] *Id.*

[9] *Id.*

[10] *Id.*

[11] *Id.*

Unlike the petitioner in *Gibbs*, Luna-Dominguez has not shown that he made any attempt to contact his trial attorney or the state court to inquire about the status of his appeal at any time between November 2008 and May 2014. Thus, even taking his allegations as true, Luna-Dominguez has not shown that he reasonably relied on trial counsel to pursue his appeal and that he diligently inquired about the status of his case. Therefore, equitable tolling is not warranted, and Luna-Dominguez's petition is dismissed as time-barred.

## Conclusion

Accordingly, IT IS HEREBY ORDERED that **Luna-Dominguez's petition for writ of habeas corpus [ECF No. 6] is dismissed with prejudice as time-barred, and a certificate of appealability is DENIED.**

The Clerk of Court is instructed to serve a copy of the petition and this order on respondent via the Nevada Attorney General, enter judgment for respondent and against Luna-Dominguez, and CLOSE THIS CASE.

Dated this 23rd day of May, 2016.

_____
Jennifer A. Dorsey
United States District Judge